IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAY BANKS, <br><br>  Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE, <br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT <br><br> Case No. 4:23-cv-00067-AMA-PK <br><br> District Judge Ann Marie McIff Allen <br> Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint.[1] For the reasons discussed below, the Court will grant the Motion in part and deny the Motion in part.

I.  BACKGROUND

Plaintiff Jay Banks alleges that he was working full-time as a package car driver for Defendant United Parcel Service ("UPS") in Arizona when, in 2018, he developed a type of thyroid disease that prevented him from being able to work in high temperatures. On account of this alleged disability, Plaintiff claims that he sought to be transferred to a location with a cooler climate. Specifically, Plaintiff sought to be transferred to Moab, Utah, where he had worked previously. Plaintiff asserts that Defendant refused to transfer him or to provide any accommodation for his disability, forcing Plaintiff to resign. Plaintiff then sought to become rehired by Defendant in various positions for which he was allegedly qualified, and he claims

---

[1] Docket No. 37, filed February 24, 2025.

1

that Defendant refused to hire him several times due to his disability. However, in 2019, Defendant rehired Plaintiff for a part-time package handler position in Salt Lake City, Utah, and Plaintiff was promoted to a 22.4 combination driver, a full-time position, soon after.

In January of 2020, Plaintiff desired to be promoted/transferred to a full-time package car driver position in Moab, but he was allegedly prevented from applying and told that the manager of Moab's UPS center, Mr. O'Riorden, had no interest in hiring him. Apparently concerned about finances, Plaintiff then resigned from his 22.4 driver position on April 2, 2020. In August of 2020, Plaintiff applied for a full-time package car driver position in Gypsum, Colorado and was not selected for the position. Similarly, in November of 2020, Plaintiff applied for a full-time package car driver position in Moab, Utah and was not selected for the position.

Plaintiff initiated this action on August 30, 2023, asserting claims for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. On April 19, 2024, Plaintiff, with Defendant's stipulation, sought leave from this Court to file an amended complaint that did not include any claims under the Rehabilitation Act, which Plaintiff represented was inapplicable.[2] The Court granted Plaintiff leave to amend,[3] and Plaintiff filed an Amended Complaint on April 25, 2024.[4] Defendant then sought judgment on the pleadings, arguing that several of Plaintiff's claims were time-barred, that Plaintiff was

---

[2] Docket No. 12.
[3] Docket No. 13.
[4] Docket No. 14.

not qualified for the January 2020 promotion/transfer, and that Plaintiff failed to allege sufficient well-pleaded facts to establish failure-to-hire claims regarding the two 2020 applications.[5]

At a hearing on Defendant's motion for judgment on the pleadings before this Court on January 23, 2025, Plaintiff conceded that all adverse employment actions alleged to have occurred before January 2020 were time-barred due to Plaintiff's failure to timely file an EEOC charge. The parties thus filed a stipulation of dismissal,[6] and the Court dismissed any claims based on those actions.[7] This leaves three adverse employment actions upon which Plaintiff bases his ADA claims: (1) Defendant's alleged failure to promote/transfer Plaintiff to Moab, Utah in January of 2020; (2) Defendant's alleged failure to hire Plaintiff for a vacancy in Moab, Utah in November of 2020; and (3) Defendant's alleged failure to hire Plaintiff for a vacancy in Gypsum, Colorado in August of 2020.

Regarding whether Plaintiff pleaded sufficient facts to state plausible ADA discrimination or retaliation claims based on the 2020 failures to hire—particularly the failure to hire for the Gypsum, Colorado position—Plaintiff represented to the Court at the January 23rd hearing that he had received a file from the EEOC that supported additional allegations related to those claims. Based on this representation, the parties and the Court reached an understanding that Plaintiff would file a motion for leave to file a Second Amended Complaint, and the Court set a briefing schedule for Plaintiff to do so.[8]

---

[5] Docket No. 25.
[6] Docket No. 35.
[7] Docket No. 36.
[8] Docket No. 33.

Plaintiff thus filed the instant Motion. Plaintiff's request for leave to amend seeks to address certain of the issues raised during the hearing and in Defendants' motion for judgment on the pleadings. The proposed amendment clarifies that the claims are based on the three 2020 alleged adverse employment actions and adds additional allegations in support of Plaintiff's claims based on the failures to hire. Specifically at issue in the instant Motion, Plaintiff seeks to allege that O'Riorden was the regional manager for southeastern Utah and the "western slope" of Colorado, which included Gypsum, to support Plaintiff's contention that he was not hired for the Gypsum position due to his disability and for having requested reasonable accommodations in the past. Plaintiff also seeks to reassert claims of disability discrimination and retaliation under the Rehabilitation Act.

Defendants oppose Plaintiff's Motion for Leave to File a Second Amended Complaint. Defendants argue that the proposed amendments are untimely and futile.

## II. DISCUSSION

Unless able to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[9] "The court should freely give leave when justice so requires."[10] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Id.*

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[11]

A. UNDUE DELAY

Undue delay is a potential reason to not permit amendment. However, "[l]ateness does not of itself justify the denial of the amendment."[12] But "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[13] The Tenth Circuit "focuses primarily on the reasons for the delay."[14] Denial may be appropriate "when the party filing the motion has no adequate explanation for the delay."[15] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[16]

Pursuant to the Court's order, Plaintiff's motion for leave to file a second amended complaint was to be filed on February 20, 2025.[17] Plaintiff filed the instant motion on February 24, 2025, without requesting an extension or explaining the neglect. Defendant argues that the Court should deny leave in full on account of Plaintiff's delay, and as Plaintiff has given no

---

[11] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[12] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks and citation omitted).

[14] *Id.* at 1206.

[15] *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[16] *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[17] Docket No. 33.

reason for this delay, it may be within the Court's discretion to deny leave to amend on this ground. Nevertheless, Rule 15's purpose is to allow litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[18] Although Plaintiff failed to meet the Court's deadline by four days, this matter is in the early stages of litigation. A scheduling order has not yet been entered, and a deadline for amendment of the pleadings has not yet been set. A four-day delay at this point does not suggest that Plaintiff is using Rule 15 "to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, . . . or to knowingly delay[] raising [an] issue until the 'eve of trial.'"[19] While the Court cautions Plaintiff to be attentive to court-ordered deadlines and to properly seek any extensions required in the future, the Court declines to deny leave to amend on the basis of undue delay.

B.  FUTILITY

Futility may justify the denial of a motion to amend. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[20] However, "[i]t is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions."[21]

---

[18] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

[19] *Minter*, 451 F.3d at 1206 (internal citations omitted).

[20] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)).

[21] *Complete Merch. Sols., LLC v. FTC*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020).

1.  CLAIMS UNDER THE REHABILITATION ACT

Defendant argues that the Court should deny Plaintiff leave to reallege his Rehabilitation Act claims because Plaintiff sought to amend his initial Complaint on the basis that the Rehabilitation Act was inapplicable and that he had stipulated with Defendant to voluntarily dismiss those claims. Additionally, Defendant argues that Plaintiff's proposed amendments fail to allege sufficient facts to state plausible claims for relief under the Rehabilitation Act. Plaintiff concedes to Defendant's arguments and submits in his Reply that any claims under the Rehabilitation Act should be withdrawn. Accordingly, Plaintiff's proposed amendments reasserting the Rehabilitation Act claims are futile, and the Court denies Plaintiff leave to file a Second Amended Complaint that includes these claims.

2.  GYPSUM MANAGEMENT ALLEGATIONS

In Plaintiff's proposed Second Amended Complaint, Plaintiff alleges that O'Riorden was the regional manager for southeastern Utah and the "western slope" of Colorado to show that O'Riorden had some responsibility over both Moab's and Gypsum's hiring decisions. Defendant argues that the Court should deny Plaintiff leave to include these allegations because, according to Defendant, the EEOC file does not affirm that O'Riorden was a regional manager. This argument requires the Court to weigh evidence and make a factual finding, and "[a] motion to amend is not the proper pleading to decide disputed issues of fact."[22] Such arguments are more appropriate for dispositive motions. While not commenting on the merits of Plaintiff's claims, the Court cannot conclude that the proposed amendments concerning O'Riorden's alleged

---

[22] *McFarlin v. Box Elder Cnty.*, No. 1:18-cv-000156-DAK-CMR, 2020 WL 161079, at *3 (D. Utah Jan. 13, 2020).

connection to the Gypsum facility are futile. Therefore, the Court will grant Plaintiff leave to file a Second Amended Complaint including these allegations. Defendant remains free to renew its motion for judgment on the pleadings, if appropriate.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 37) is GRANTED in part and DENIED in part. It is further

ORDERED that Plaintiff file an amended complaint that does not include the claims under the Rehabilitation Act within fourteen (14) days of this Order.

SO ORDERED this 8th day of April, 2025.

PAUL KOHLER
United States Magistrate Judge